Name: Alfonso Villalobos
Address: 6360 Eseinhower Ct.
Chino. CA. 91710
Phone: (323)571-6511
Fax: alv12603@live.com

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
09/26/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Alfonso Villalobos

Plaintiff

v.

State of California Employment Development Department

Defendant(s).

CASE NUMBER:
8:22-cv-01761-FWS(DFMx)

To be supplied by the Clerk of
The United States District Court

## CIVIL COMPLAINT

State of California appears to be the state with the most funding for the CARES programs, including but not limited to "EUISAA"; Pandemic Unemployment Assistance "PUA"; The Federal Pandemic Unemployment Compensation "FPUC"; The Temporary Full Funding of First Week of Regular Compensation; The Pandemic Emergency Unemployment Compensation "PEUC" for a grand total received by California EDD through September 17th, 2022 the amount of 134,957,237,842 in federal funding.

CONCLUSION

The State of California Administrative Decision should be reviewed for whether it was based upon consideration of revelant factors such as the Identity Theft and such unknown actor continued receiving benefit payments of $900.00 per week, weekly reports by Bank of America debit card statements active as of September 2022 which whether there has been a clear error of judgement or error of law by the Administrative

CV-126 (09/09)    **PLEADING PAGE FOR A COMPLAINT**

L/N
NO CV30
N/S

Agency and it's failure of expeditious processing, State Industrial Insurance System v. Romero, 110 Nev. 739, 877 P. 2d, 541 (1994); see also Falling v. Hotel, 963 F.2d 275 (9th Cir. 1992).

Substance Al evidence is that which "a reasonable mind might accept as adequate to support a conclusion", State Emp. Security v. Cline 109 Nev. 74, 76-77, 847 P.2d 736, 738, (1993). Whereas in this case, unfortunately, the state edd administrator and the Governor's office raced ahead of the substancial evidence actually presented and do not adequately support the conclusion reached.

A district court may remand or affirm the final decision of an administrative agency or set it aside in whole or in part if substancial rights of the petitioner have been prejudice because the final decision of the state agency is:

(a) In violation of laws and statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon lawful procedure.
(d) Affected by other error of law.
(e) Clearly erroneous in view of the reliable, probative and substancial evidence on the whole record; or
(f) Arbitrary or Capricious or Characterized by abuse of discretion.

Wherefore, for the reasons set forth, herein, appellant Alfonso Villalobos respectfully request this honorable court:

1. Reverse the Administrative Decision Denial of Unemployment Benefits pursuant to the CARES Act Funding to States through September 17, 2022 (Pub. L. 116-127) as extended by (Pub. L. 116-260 and Pub. L. 117-2).

Name: Alfonso Villalobos
Address: 6360 Eseinhower Ct.
Chino. CA. 91710
Phone: 323-571-6511
Fax: alv12603@live.com

In Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Alfonso Villalobos

Plaintiff

v.

State of California Employment Development Department

Defendant(s).

CASE NUMBER:

To be supplied by the Clerk of
The United States District Court

# CIVIL COMPLAINT

## STATEMENT OF THE CASE

Plaintiff, Alfonso Villalobos, an individual brings this instant complaint against defendant[s] State of California Employment Development Department (hereinafter, "CA EDD"), in it's individual capacity and it's employee[s] collectively "CA EDD"; and defendant[s] State of California Governor Newsome (hereinafter, "Governor Newsome") and it's administration collectively "State of California Administration" acts and practices of intentional neglectful and intentional discrimination based on race and disability, whereas in this case, Plaintiff alleges claim[s] against defendant[s] unlawful acts and practices set forth as follows:

On or about February 26th, 2021, Villalobos filed for Unemployment Insurance Benefits (hereinafter, "UIB"), immediately after initial registration online, Villalobos was required to submit proper documentation to confirm his identity by using the online I.D. me website.

CV-126 (09/09)              **PLEADING PAGE FOR A COMPLAINT**

On or about July 22, 2022, the State of California Employment Development Department, "CA EDD", issued it's decision through Acknowledgement Letter that applicant Item No. 6. "Alfonso Villalobos holding ineligible for UI benefits has been reviewed and modified. The disqualification[s] concerning your_____has been reversed. Any remaining disqualifications remain in effect". And Item No. 7 in the acknowledgement letter further states "your appeal dated 07/04/2022 was received, however, no appeal filed because your current claim is an invalid, no earnings claim, you may submit proof of w-2 wages to EDD for verification, thank you".

Villalobos appealed the denial for benefits to the California EDD at city of Atwood, CA, which office issued the acknowledgement letter dated on July 22, 2022.

Pursuant to the Families First Coronavirus Response Act and Coronavirus Aid, Relief and Economic Security (hereinafter, "CARES") Act Funding to States through September 17, 2022, (Pub. L. 116-127). Cares Act (Pub. L. 116-136) as extended by Pub. L. 116-260 and Pub. L. 117-2.

The CARES Act gives states the option of extending unemployment compensation to independent contractors and other workers who are ordinarily ineligible for unemployment benefits. Although Villalobos successfully appeal a decision on or about 2015, in which as a mix- independent contractor and employee denial for UIB, the Magistrate Judge determined eligibility for such UIB benefits, stated, "others enjoying the fruit

Name: Alfonso Villalobos

Address: 6360 Eseinhower Ct.

Chino. Ca. 91710

Phone: (323)571-6511

Fax: alv12603@live.com

In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

Alfonso Villalobos

Plaintiff

v.

State of California Employment Development Department

Defendant(s).

## CIVIL COMPLAINT

fruit of your labor".

UIPL 28-20: Addressing Fraud in the Unemployment Insurance (UI) System
and Providing States with Funding to Assist with Efforts to Prevent and Detect
Fraud and Identity Theft and Recover Fraud Overpayments in the Pandemic
Unemployment Assistance (PUA) and Pandemic Emergency Unemployment
Compensation (PEUC) Programs. Villalobos did report to CA EDD the possibility
of identity theft and collection of benefits by unknown actors, which the
state's administrative UIPL 28-20: Addressing Fraud in the Unemployment
 Insurance
 (UI) System and Providing States with Funding to Assist with Efforts to
Prevent
and Detect Fraud and Identity Theft and Recover Fraud Overpayments in the
 Pandemic Unemployment Assistance (PUA) and Pandemic Emergency
Unemployment Compensation (PEUC) Programs ignored to investigate.

CV-127 (09/09)          **PLEADING PAGE FOR A SUBSEQUENT DOCUMENT**

State-specific objectives; developing a process for the identification, development and brokering of performance improvement skills; development a system of rewards for recognizing exceptional performance; and developing a regulatory base for the UI Performs system. Full development of the system is expected to stretch into 1999. 4. The UI Performs Regulation An integral part of the overall design of the UI Performs system is a new regulation. The Department envisions a streamlined regulation that would propose the following: a. Replace/incorporate key features of 20 CFR 602, 640, and 650, in a more cohesive and, if possible, shorter form; b . Set forth the goals (e.g., continuous improvement, service to ultimate customers) and requirements (e.g., greatest performance that is administratively feasible, performance of certain activities necessary for proper and efficient administration) of the unified strategy embodied in the UI Performs system; c. Set forth what the UI Performs system requires States to do, including: • Prepare an Annual Performance Plan (the SQSP) as the basis for receiving administrative grants; • Conduct certain performance measurement activities, identified or developed through a consultative process, and report data to DOL; • Validate certain key measures; • Operate the UI program (pay benefits, collect taxes) with the highest quality (accuracy, timeliness, completeness, adherence to procedure) that is administratively feasible; and • Take effective action to ensure performance standards are met; d. Establish Federal performance criteria, developed through a consultative process, for certain measures; e. Provide that, in determining whether to recommend to the Secretary the commencement of proceedings to determine whether tax credits and/or administrative grants (as appropriate) should be withheld on account of sustained deficient performance, the Department will evaluate all the facts relating to a State's performance in the deficient area; and f. Require Periodic Review of Measures and Criteria to ascertain whether the measures are useful and the criteria are appropriate and adjust either as needed.